CHRISTINE O'BRIEN, ADMINISTRATRIX OF THE ESTATE OF JOHN O'BRIEN, DECEASED, APPELLANT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT.

Submitted January 25, 1929—Decided May 8, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the appellant, *Alexander Simpson*.

For the respondent, *William A. Barkalow*.

The opinion of the court was delivered by

CASE, J. This case comes up on appeal from the Hudson County Circuit Court where the plaintiff was nonsuited. Defendant is a common carrier by railroad and is engaged in interstate and intrastate commerce. Plaintiff's decedent was an employe of defendant. The action was brought under the Federal Employers' Liability act for the protection of employes of common carriers by railroad. The nonsuit was granted on the ground that the decedent was not engaged in interstate commerce at the time of the injury.

The decedent was employed as a member of a crew to gather the loaded coal cars from different parts of the defendant's yard at Communipaw and take them to a "little yard" of about forty-car capacity, from which place the cars were dropped, one by one, to a decline or pocket, where a different crew took them, opened a hopper and caused the coal to be taken by a conveyor to the storage bins, whence, as occasion required, the coal was fed into both intrastate and interstate engines. The decedent on the day of his death quit work about two o'clock in the afternoon, went to the "shanty," changed to street clothes and took the street going toward Communipaw station. He was next seen at about

five-ten P. M. standing on the platform of one of defendant's trains pulling into West Side station, two or three miles from Communipaw station. He fell or was thrown from the platform and was fatally injured.

The appellant contends that there was evidence sufficient to take the case to the jury on these points—first, that the decedent was employed in interstate commerce; second, that he was still engaged in that employment at the time he was injured, and finally, that there was causative negligence on the part of the defendant in operating the train at West Side station.

The appellant argues that the coal, having come to the control of decedent's crew, went in a practically uninterrupted stream into the engines of interstate commerce and intrastate commerce, thus coming within the purview of a line of federal decisions holding employment of this character to be within interstate commerce. *Central Railroad Co. of New Jersey* v. *Monahan,* 11 *Fed. Rep.* (2d ser.) 212; *Collins* v. *Erie Railroad,* 253 *U. S.* 77. We are unable, however, to distinguish the facts in this case from the reasoning contained in United States Supreme Court decision of *C. B. & Q. R. R. Co.* v. *Harrington,* 241 *Id.* 177.

Plaintiff's contention that the coal was passing practically in a non-interrupted stream into the engines of interstate commerce and intrastate commerce is not, in our opinion, sustained by the evidence. After the coal had left decedent's crew and also the intermediate crew, it went into the bins and remained there until taken out into the engines. It was in evidence that the daily haul was from twenty to twenty-five cars, that the capacity of each car was from forty to fifty tons and that the storage bins hold probably sixty cars. The capacity of the bins, therefore, was from twenty-four hundred to three thousand tons of coal. Depositing in the bins was nothing more than the putting of the coal supply in a convenient place from which it could be taken as required for use.

We conclude that the case is within the application of the Harrington decision and that the plaintiff did not, by the

evidence produced, bring her decedent within the classification of those whose work was so closely connected with interstate commerce as to be a part of it.

Furthermore, the decedent was not at the time of his injury engaged in his employment, whether that was interstate or intrastate. West Side station is a considerable distance from Communipaw and is not a part of defendant's yards where the decedent was employed. There is no evidence that the train on which the decedent was being carried was a work train. The fair inference from the evidence is that it was a passenger train. The decedent had left the premises of his employment and was on a public highway three hours before his injury. The facts take the case entirely out of the purview of the decision in *Erie Railroad* v. *Winfield*, 244 *U. S.* 170.

Our findings heretofore expressed make it unnecessary to consider whether the defendant was negligent in its operation of the train at West Side station.

The judgment will be affirmed, with costs.